UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **PURZEL VIDEO GMBH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13-cv-450 SNLJ |
| ) | |
| **DOES 1-67,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Doe 60's motion to proceed anonymously, motion to sever, and motion to quash subpoena (#15).  Plaintiff Purzel Video GMBH filed this action against defendants identified as Does 1 through 67 on March 11, 2013.  Plaintiff alleges that the Does had violated Purzel's copyrights with respect to a motion picture using an internet-based application known as Bit Torrent.  The Does are identified in the complaint only by internet protocol ("IP") addresses, each of which is unique to an internet subscriber.  Plaintiff alleges that the Does have each obtained and shared the movie using the internet in violation of plaintiff's copyrights.  In order to ascertain the names of the individuals alleged to have violated plaintiff's copyrights, plaintiff sought (#3) and received (#7) leave to take discovery prior to a Rule 26(f) conference.  Plaintiff then served a subpoena on the internet service provider ("ISP") responsible for providing internet access to the IP addresses in question.  Plaintiff plans to name as defendants the individuals identified by the ISP.

Many similar cases have been filed recently with this Court by copyright holders who are pursuing their copyright claims against dozens of unknown defendants in a single case.  *See, e.g.*, *PHE, Inc. v. Does 1-27*, No. 4:13cv480 (SNLJ); *reFX Audio Software, Inc. v. Does 1-97*, No.

4:13cv409 (CEJ); *Vision Films, Inc. v. Does 1-30*, No. 4:13cv20 (RWS); *Private Lenders Groups, Inc. v. Does 1-17*, 4:13cv285 (CEJ); *Breaking Glass Pictures, LLC v. Does 1-188*, No. 4:13cv388 (AGF); *reFX Audio Software Inc. v. Does 1-53*, No. 4:13cv408 (CDP); *Maxcon Productions, Inc. v. Does 1-88*, No. 4:13cv428 (TCM). The complaints of these and other cases allege that they involve "swarms" in which numerous defendants engage in mass copyright infringement of the plaintiffs' intellectual property by downloading and uploading the copyright works using peer-to-peer file transfer technology over the internet. The plaintiffs thus identified each alleged copyright infringer based upon the infringers' IP addresses and initiated lawsuits to protect plaintiffs' copyrights.

As this Court recently observed on a *sua sponte* review of a similar matter, *PHE, Inc. v. Does 1-27*, 4:13cv480, CM/ECF Doc. No. 25, the joinder of "swarm" defendants raises concerns. This Court stated:

> "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Indeed, district courts across the country are considering, *sua sponte*, the issue of whether these sorts of Doe defendants are properly joined. *See, e.g.*, *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 172 (S.D.N.Y. 2012); *In re BitTorrent Adult Film Copyright Infringement Cases*, CIV.A. 11-3995 DRH, 2012 WL 1570765 (E.D.N.Y. May 1, 2012) *report and recommendation adopted sub nom. Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233 (E.D.N.Y. 2012); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D. 669, 672 (S.D. Fla. 2011); *Media Products, Inc. v. Does 1-58*, No. 8:12-CV-00348 JFM, 2012 WL 1150816 (D. Md. Apr. 4, 2012); *Third Degree Films, Inc. v. Does 1-53*, No. 8:12-CV-00349 JFM, 2012 WL 1150811 (D. Md. Apr. 4, 2012); *see also reFX Audio Software, Inc. v. Does 1-97*, No. 4:13cv409 (CEJ), CM/ECF Doc. No. 28 at 3[, 2013 WL 3766571] (E.D. Mo. July 16, 2013) (collecting cases).
>
> Federal Rule of Civil Procedure 20(a)(2) allows joinder of defendants when "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of related transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Here, as in other "swarm defendant" cases, the plaintiff reasons that joinder of the Doe defendants is proper because the individuals "participated in the same transaction, occurrence, or series

of transactions or occurrences as at least the other defendants in the same swarm...and participated in a collective enterprise constituting 'shared, overlapping facts.'" (Cmplt. ¶ 7.)

District courts have handled the matter of swarm defendant joinder (and discovery regarding the same) differently. *See Third Degree Films, Inc. v. Does 1-131*, 280 F.R.D. 493, 495 (D. Ariz. 2012) (collecting cases). This Court has recently discussed the matter at length in *reFX Audio Software, Inc. v. Does 1-97* and determined — without determining whether the practice of "swarm joinder" was appropriate — that joinder in that particular case was not warranted due to concerns regarding the interests of fairness and judicial economy. CM/ECF Doc. No. 28 at 6 (E.D. Mo. July 16, 2013). In that case, the Court had granted the plaintiff's motion for early discovery but, in considering the ISP's motion to quash, the Court vacated its earlier order permitting discovery and severed all but Doe 1 from the action, dismissing them without prejudice. In that case, the Court had the benefit of receiving five motions from different Does that asserted different defenses. The Court recognized that the manageability of the case was in question when the personal circumstances regarding wireless network security, personal responsibility, the allegedly innocent account holder of a multi-unit property, and myriad other concerns were considered and multiplied times the interests of 97 different defendants. *See id.* at 6-7; *see also Third Degree Films, Inc.*, 280 F.R.D. at 498 ("the Court finds that allowing this case to proceed against 131 Defendants creates more management problems than it promotes efficiency); *Kill Joe Nevada, LLC v. Does 1-81*, 1:13-CV-1450-JEC, 2013 WL 2355545, *1 (N.D. Ga. May 28, 2013) (vacating order granting leave for early discovery because it was granted "[b]efore appreciating the manageability problems posed by the type of joinder the plaintiff asserts").

In addition to manageability concerns, the Court notes that the 27 defendants' only apparent relation to each other is their use of the peer-to-peer technology. Forcing them to litigate as a group would prejudice defendants. First, each would be required to serve each of the other defendants with all pleadings. That is "a significant burden when...many of the defendants will be appearing pro se and may not be e-filers." *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011). In addition, each defendant has the right to be at others' deposition, "creating a thoroughly unmanageable situation." *Id.* Courtroom proceedings would be similarly unworkable, with all defendants present and each requiring his or her own "mini-trial." *Id.* Although this case has "only" 27 defendants (of which 25 remain), which is relatively more manageable than the cases involving a hundred or more defendants, the Court finds that the same principles apply here. In contrast to the unfairness posed to the defendants by joinder, the prejudice to plaintiff will be less burdensome. Plaintiff will be required to bring suit against the remaining 24 defendants and pay a filing fee for each action, but "[t]he serious procedural, case management, and fairness concerns that arise in actions such as this outweigh any convenience and cost-savings on Plaintiff's part." *Third Degree Films, Inc. v. John Does 1-72*, 12-CV-

3

> 14106, 2013 WL 1164024, *8 (E.D. Mich. Mar. 18, 2013) (quoting *Bait Prods. Pty Ltd. v. John Does 1–26*, No. 12–CV–628–FTM–31, 2013 WL 607966, at *3 (M.D.Fla. Feb.19, 2013)).  Indeed, "payment of a separate filing fee for its claim against each Defendant properly balances the Plaintiff's right to protect its copyright with the Court's interest in cost-efficient adjudication of cases." *Third Degree Films, Inc.*, 2013 WL 1164024, at *8 (quoting *Third Degree Films, Inc. v. Does 1-47*, No. 12-CV-2391-WJM-MEH, 2012 WL 4005842, *4 (D. Colo. Sept. 12, 2012)), and quoted by *reFX Audio Software, Inc.,* CM/ECF Doc. No. 28 at 7-8.
>
> In sum, the efficiency goals of the Federal Rules' joinder provisions are not accomplished by the mass joinder of defendants in this case, and joinder here will result in an unmanageable case and unfairness to defendants.

*PHE, Inc. v. Does 1-27*, 4:13cv480, CM/ECF Doc. No. 25 at 2-5, 2013 WL 3811143 (E.D. Mo. July 22, 2013) (Westlaw citation added to *reFX Audio Software Inc.* case).  The same analysis applies here --- indeed, plaintiff has joined 67 plaintiffs in this litigation, so the unmanageability and unfairness factors are magnified.

The Court has, on plaintiff's motion, already dismissed one of the 67 defendants, and the Court will sever and dismiss without prejudice the claims against all defendants except Doe 1 in this case.  As a result, Doe 60's motion to quash and motion to proceed anonymously will be denied as moot.

4

Accordingly,

**IT IS HEREBY ORDERED** that defendant Doe 60's Motion to Sever (#15) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Does 2 through 20 and Does 22 through 67 are **SEVERED** from this action, and the claims against them are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that defendant Doe 60's Motion to Quash and Motion to Proceed Anonymously are denied as moot.

Dated this  31st  day of July, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE